[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Plaintiff Consumer Auto Parts, Inc. (Plaintiff) has brought this action to enjoin Defendant CJ Automotive Enterprises (CJ) from using the word "consumer" in its trade name Consumer Auto Supply of Tiverton. The case is now before this Court for decision based on an agreed statement of facts.
Plaintiff is a Massachusetts corporation qualified to do business in the State of Rhode Island under the name Consumer Auto Parts, Inc. since 1973. Plaintiff currently operates eight auto parts stores in different locations in Massachusetts. At some time during the remainder of 1992, Plaintiff intends to open new retail stores in Woonsocket, Rhode Island and Fall River, Massachusetts.
CJ is a Rhode Island corporation doing business under the name of Consumer Auto Supply of Tiverton since 1987. When originally applying for incorporation in 1987, CJ filed a fictitious name statement with the Secretary of State using the name Consumer Auto Supply. Because Plaintiff had already qualified to do business in Rhode Island under the similar name Consumer Auto Parts, the Secretary of State informed CJ that it would need Plaintiff's permission to use the name. Rather than seek Plaintiff's permission, however, CJ filed a second fictitious name statement using the name Consumer Auto Supply of Tiverton. The Secretary of State reviewed the second fictitious name statement and qualified CJ to do business in Rhode Island as Consumer Auto Supply of Tiverton.
Plaintiff has brought this cause of action to enjoin CJ from using the word "consumer" in its name. Plaintiff contends that CJ's use of the word "consumer" results in public confusion between the two entities and infringes on Plaintiff's monetary investment in its tradename. As the first user of its name in the Rhode Island area, however, CJ contends that it is properly entitled to retain the word "consumer".
In the absence of contrary statutory provisions, the general rule in trademark and tradename cases is that the exclusive right to use a tradename is limited to the geographic areas or markets where it is established by actual use. 74 Am.Jur.2d § 17 (1974). Where the same or similar name has been lawfully adopted and used by different entities in different geographic areas, neither party may competitively use the name in territory previously occupied by the other. Id. Under common-law principles, the senior or prior user of a tradename simply cannot monopolize markets that neither his trade nor his reputation has reached. 2 J.T. McCarthy, Trademarks and Unfair Competition, § 26.1 (1984). Absent advertising, a tradename cannot itself travel to markets where it is not established. Id.
As a newcomer to a particular market, even a national prior user must enter the market subject to whatever rights a good faith user has acquired. Id. The prior user, therefore, assumes the risk that some remote innocent party may coincidently build a reputation on the same or similar name. Id. A junior user's rights in a similar tradename are protected where, at the date of first use, the senior user's tradename was not known by its customers in that territory so as to cause consumer confusion, and the junior user adopted the name in good faith without knowledge of prior use. Id.
Pursuant to R.I.G.L. § 7-1.1-7.1, CJ originally petitioned the Rhode Island Secretary of State in 1987 for permission to use the name Consumer Auto Supply. Sections 7-1.1-7.1(f) (fictitious business name) and 7-1.1-9(a) (corporate registered names) both provide that corporations may register and/or transact business under a fictitious or corporate name that is not the same or deceptively similar to that of another corporation. Because of a conflict with Plaintiff's previously registered fictitious name, the Secretary of State advised CJ to seek Plaintiff's permission to use the name. Rather than seek permission, CJ filed a second petition under the name Consumer Auto Supply of Tiverton, which the Secretary of State approved. Since CJ began using the name only after approval from the Secretary of State, this Court is of the opinion that CJ exercised good faith in selecting and establishing its name in the Rhode Island area.
It is clear from the agreed statement of facts that Plaintiff has neither used nor established its tradename in the Rhode Island area. While it is true that Plaintiff has been qualified to use the tradename Consumer Auto Parts, Inc. in Rhode Island since 1973, such qualification, without actual use or establishment, is insufficient to enjoin CJ's good faith use of its non-deceptively similar name since 1987. Plaintiff's stated intention to open stores in Rhode Island sometime in 1992 is likewise insufficient to warrant an injunction.
As Plaintiff has failed to establish or use its tradename in the Rhode Island area, it is not possible that CJ's use of its tradename was likely to cause confusion among Rhode Island's consuming public. Plaintiff's reference to a creditor's confusion between Plaintiff and CJ's predecessor is irrelevant to this cause of action since CJ has always used a different name than that of its predecessor. Plaintiff has otherwise failed to demonstrate a single incident of confusion since CJ began using the name in 1987.
The law is clear that a prior user of a tradename in a particular geographic area assumes the risk that a junior user in a different geographic area will, in good faith, use and establish the same or similar name. It is clear from the agreed statement of facts that Plaintiff has never used or established its tradename in the Rhode Island area. Moreover, a review of the agreed statement of facts satisfies this Court that CJ adopted its tradename in good faith prior to any use by Plaintiff in Rhode Island. Given the noticeable absence of any evidence of public confusion between the two entities, this Court further finds that CJ's tradename is not deceptively similar to Plaintiffs. Accordingly, Plaintiff's petition to enjoin CJ from using the word "consumer" in its name is hereby denied.
Counsel shall prepare an appropriate judgment for entry.